SMITH (GARDEN CITY MANUF'G CO. v.). See Case No. 5,217.

SMITH (GATES v.). See Case No. 5,286.

SMITH (GEORGETOWN v.). See Case No. 5,347.

SMITH (GIVEEN v.). See Cases Nos. 5,466 and 5,467.

## Case No. 13,050.

SMITH v. GLENDALE ELASTIC FABRICS CO.

[1 Ban. & A. 58;[1] Holmes, 340; 5 O. G. 429.]

Circuit Court, D. Massachusetts. Feb. 13, 1874.[2]

PATENTS—WEAVING—NOVELTY—ABANDONED EXPERIMENTS.

1. Where the complainant's patent is assailed for want of novelty, and neither of the witnesses give any drawings or models of the looms, which they testify were used prior to the complainant's invention, and neither of them nor the experts testify that the mechanism described by them was substantially like that described by the complainant in his specification, and it is not easy to determine how much of the product was made by the use of such looms, they are to be regarded as abandoned experiments, and will not affect the validity of the complainant's patent.

2. The fact that defendant prefers to use the mechanism patented to complainant, instead of other mechanism which would accomplish his purpose and not infringe complainant's patent, is evidence that there is sufficient utility in the invention to support a patent.

3. Divisions, numbers 2,843 and 2,844, of the reissued patent, for an improvement in weaving, granted to William Smith, January 14, 1868, held valid.

[This was a bill in equity by William Smith against the Glendale Elastic Fabrics Company for the infringement of certain letters patent.]

Thomas A. Jenckes, for complainant.

B. R. Curtis, and Benjamin Dean, for defendant.

SHEPLEY, Circuit Judge. This is a bill in equity founded on alleged infringement of letters patent, reissued to the complainant, numbered respectively, 2,843 and 2,844. The original patent was granted to the complainant on the fifth day of April, 1853; extended for seven years from the fifth day of April, 1867; reissued on the eighteenth day of June, 1867; and again reissued in three divisions, numbered 2,843, 2,844 and 3,014. The latter reissue. 3,014, covered the fabric made upon the mechanism covered by reissues 2,843 and 2,844, and was the foundation of the suit in behalf of this complainant against Nathan Nichols, decided against this complainant at the October term, 1872, of this court. The claims of division A, 2,843, and division C, 2,844, are respectively as follows: "The process herein specified, of weaving, consisting in the use of stationary warps in combination with moving warps and filling that inclose such stationary warps, substantially as set forth." "The heddle or its equivalent, for supporting the stationary central warps, in combination with mechanism, substantially as set forth, for performing the weaving."

The answer does not specifically deny that

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[2] [Affirmed in 100 U. S. 110.]

the defendant has used looms and processes in the manufacture of elastic webbing substantially like those covered by the complainant's patents, and the evidence in the record establishes the fact of such use.

The defence is based upon a denial that the complainant was the original and first inventor of what is claimed in the reissued patents.

The evidence in the very voluminous record presented in this case relates principally to the product, and but a small portion of it has any relevancy to the issue of the novelty of the invention of the mechanism described in the claim in reissue 2,844. Ferdinand Doebly and Henry G. Gurney, witnesses in behalf of the defendant, testify to the use of looms with stationary warps before the date of complainant's invention. Neither of them give any drawing or model of the looms to which they testify, nor do the witnesses themselves, or any experts in the case, testify that the mechanism described by them was substantially like that described by the complainant in his specification. In the case of Gurney, only a trifling quantity of the elastic web was made in the loom described by him. It is not easy to determine from the testimony how much of the product, which Doebly says was made by his father, was made on the loom with a stationary warp. I think they are to be regarded in the light of abandoned, and, judging from the specimens of the work filed as exhibits in the case, as unsuccessful, experiments before the date of complainant's invention. There is considerable testimony in the case tending to show that the elastic webbing can be well made by the use of a rising and falling rubber warp. Machinery operating in that way is open to be used without infringing the complainant's patent. The fact that defendant prefers to use the mechanism patented to complainant is evidence that there is sufficient utility in the invention to support a patent.

Decree for complainant.

[On appeal to the supreme court this decree was affirmed. 100 U. S. 110.
[For other cases involving this patent, see Elastic Fabrics Co. v. Smith, 100 U. S. 110; Smith v. Elliott. Case No. 13,041; Smith v. Nichols, Id. 13,084; s. c., 21 Wall. (88 U. S.) 112.]